UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Douglas E. Arpert |
| v. | : | Mag. No. 21-6024 (DEA) |
| JEREMY LO | : | **ORDER FOR CONTINUANCE** |

1. This matter came before the Court on the joint application of Philip R. Sellinger, United States Attorney for the District of New Jersey (Eric Suggs, Assistant U.S. Attorney, appearing), and defendant Jeremy Lo (Jonathan F. Marshall, Esq., appearing), for an order granting a 60-day continuance under 18 U.S.C. § 3161(h)(7)(A).

2. This Court granted six § 3161(h)(7)(A) continuances previously in this case totaling 546 days.

3. Counsel for the parties represented that this additional continuance is necessary for effective preparation and to permit the parties to attempt to resolve this case prior to indictment and thereby avoid a trial.

4. Counsel for the United States also represented that this additional continuance is necessary to prevent any more non-excludable days under § 3161(h) from expiring.

5. The defendant knows that he has the right under § 3161(b) to have this matter submitted to a grand jury within thirty days after his arrest.

6. The defendant, through counsel, has consented to this continuance.

- 2 -

7. **FOR GOOD CAUSE, THIS COURT FINDS** that this case should be continued for the following reasons:

    a. New defense counsel has been recently retained in this matter and needs sufficient time to review the pre-indictment discovery produced by the United States.

    b. Despite the exercise of diligence, therefore, the circumstances of this case require giving defense counsel a reasonable amount of additional time for effective preparation.

    c. Plea negotiations are currently in progress, and both the United States and the defendant desire additional time to negotiate a plea agreement, which would render grand jury proceedings and a trial in this matter unnecessary.

    d. Consequently, the ends of justice served by granting the continuance and preventing any further non-excludable days from passing under § 3161(h) outweigh the best interest of the public and the defendant in a speedy trial.

IT IS, therefore:

ORDERED that this action is continued for a period of 60 days from February 15, 2023 through April 16, 2023; and it is further

ORDERED that the period from February 15, 2023 through April 16, 2023 shall be excluded in computing time under the Speedy Trial Act of 1974; and it is further

ORDERED that nothing in this Order or the application prompting it is a finding or representation that less than 31 non-excludable days under § 3161(h) have expired.

_____
HON. DOUGLAS E. ARPERT
United States Magistrate Judge

Dated: ~~XXXXXXX~~ January 31, 2023

Form and entry consented to:

s/ *Eric Suggs*
_____
Eric Suggs
Assistant U.S. Attorney

s/ *Eric A. Boden*
_____
Eric A. Boden
Trenton Attorney-in-Charge

_____
Jonathan F. Marshall, Esq.
Counsel for defendant Jeremy Lo